## METZLER, IMPLEADED, ETC., v. JAMES.

1. In a chancery proceeding it is proper for the clerk of the lower court, on an appeal, to certify up to this court, under section 22 of the present appeal statute, the written testimony, the depositions, and all other evidence and papers offered or used as evidence; the original pleadings and all other papers affecting the substantial rights of the parties which were used or offered at any step in the cause, save in perfecting the appeal; the record entries come up by transcript.

2. Whether the cause be in the nature of an action at law or suit in chancery, in order to transfer it to the docket of this court, the clerk of the lower court, under section 9 of the statute, must transmit a transcript of the judgment or order appealed from, or so much thereof as is mentioned in the notice of appeal; also a transcript of the notice of appeal, together with proof of service thereof, and a transcript of the appeal bond.

*Appeal from Superior Court of the City of Denver.*

THE facts are stated in the opinion.

Messrs. DECKER and YONLY, for appellant.

Messrs. LONG and HINSDALE, for appellee.

PER CURIAM.   A decree in an equitable proceeding was rendered by the superior court of the city of Denver on the 12th day of May, 1885, in favor of the plaintiff James and against the defendant Metzler.   An appeal from said decree to this court was prayed by said Metzler and allowed by the court, upon condition of the filing and approval of an appeal bond, which was duly filed and approved.

Several attempts have been made by the appellant to transfer the appellate proceedings to this court, but, thus far, the steps taken have been defective. As a result of the several errors committed on the part of the appellant (most of them, we regret to say, through carelessness), there are now six motions pending for decision in the proceeding.

We find, however, that a decision of the questions arising in two of the pending motions will dispose of all the rest.

A motion is made for leave to file a bill of exceptions.

While the document presented is not properly a bill of exceptions, yet we are of opinion that, to a certain degree, it supplies the place of a bill of exceptions and is entitled to be filed in the case.

It contains the report of the referee, and includes the testimony, exceptions to the rulings of the referee, certain original papers, and a transcript of proceedings had in the court below.

Being in the nature of a chancery proceeding it was proper for the clerk of the superior court to certify up to this court, under *section 22* of the present appeal statute, the *written testimony*, the depositions, and all other evidence and papers used or offered as evidence. The original pleadings come up in the same way, and all other papers affecting the substantial rights of the parties which were used or offered at any step in the cause, save in perfecting the appeal. Record entries come up by transcript.

The cause having been referred to a referee to take the testimony, to state the account and to report his findings of law and fact, it will be seen that his report would necessarily comprise the principal matters embodied in a bill of exceptions.

This motion is allowed.

The other motion referred to is a motion for leave to file a supplemental transcript of the record, embracing

the order of the court below granting the appeal, together with a transcript of the appeal bond.

We have decided to allow this motion also, and to permit a proper transcript of said order and appeal bond to be filed.

We cannot, however, permit the document tendered for filing under this motion to be placed on file, for the reason that it does not comply with the law. It properly contains a certified transcript of the order granting the appeal, but, instead of a transcript of the appeal bond, the original bond itself is transmitted.

This instrument belongs to the files of the court below, and there is no authority, either in the present statute or in the former act, for removing it from the files of said court.

The appeal in this case was granted under the former law, but the appellant is endeavoring to transfer the cause to this court under the present law, which he has a right to do.

There is but one mode provided under the present act for transferring a cause on appeal to this court, although as to certain portions of the record,— whether they shall be brought up in the original form or by abstract, depends upon the character of the action. But whether the cause be in the nature of an action at common law, or an action in chancery, in order to transfer the cause to the docket of this court, the clerk of the court below must transmit to the clerk of this court, as required by section 9 of the act, a transcript of the judgment or order appealed from, or so much thereof as is mentioned in the notice of appeal; likewise a transcript of the notice of appeal, together with the proof of service thereof, and a transcript of the appeal bond.

Several reasons may be assigned for retaining an appeal bond on file in the trial court, two of which may be mentioned,— the danger of loss if taken from the files of the trial court, and the fact that, if transmitted to and

filed in an appellate court, it would belong to the files of said court; whereas, if occasion to sue upon it occurred, it would be needed in the court below.

This provision of the statute not having been complied with, the appellant will be allowed twenty-four hours in which to procure a proper supplemental transcript of the record, which thereupon may be filed.

Both of the foregoing motions were filed by the appellant for the purpose of curing errors committed in attempting to institute appellate proceedings in this court. These errors, on the part of the appellant, have occasioned needless expense as well as unnecessary delay. As above intimated, we are of opinion that they might have been avoided by the exercise of reasonable care and attention.

Considering it to be our duty, under the circumstances, to impose terms, as a condition upon which the foregoing motions are granted, it is therefore *Ordered*, that the appellant, within ten days, pay to the clerk of this court, for the use of the appellee, in payment of costs and expenses incurred by him in and about this appeal, and as the condition upon which said motions are granted, the sum of $75.

Justice ELBERT did not sit in this case.

*Motions allowed.*